STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-04
DHM - KEN - 12/16/2002

DEAN V. McEWEN,

      Petitioner

    v.

MAINE DEPARTMENT OF
HUMAN SERVICES,

      Respondent

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

JAN 7 2003

On February 7, 2002, Dean McEwen, through his counsel, filed an "Appeal of Final Agency Action" dated January 23, 2002. In the petition, it is alleged that the State of Maine Department of Human Services "has 'substantiated' that plaintiff has neglected and poses a threat of neglect to his daughter, Sheila McEwen." Petitioner alleges that his request for review was denied and that the denial constitutes a final agency action. On January 25, 2002, the respondent agency was served with the petition. A briefing schedule was issued by the court dated April 24, 2002, directing the petitioner to file his brief 40 days after April 24, 2002, i.e., June 3, 2002. On July 2, 2002, respondent Maine Department of Human Services filed its brief. Petitioner's brief, entitled "Plaintiff's Brief" was dated May 31, 2002, but not filed with the court until November 8, 2002.

On April 4, 1996, a Judge of the Maine District Court issued a judgment in the matter of *Dean Vincent McEwen v. Robin Lynn Corson*. The court found that the parties were the natural parents of one Sheila McEwen born January 19, 1993. The parties were awarded shared parental rights and responsibilities with primary residence of the child awarded to Robin Lynn Corson. Mr. McEwen was afforded all reasonable rights of parental contact with certain dates and times enumerated. This judgment was amended

under date of September 9, 1998. The parental rights and responsibilities continued to be shared but additional requirements included the order for Dean McEwen to provide notice to Ms. Corson in the event he is to be late returning the child from a visitation and further, "The plaintiff will not consume nor use any substances such as alcohol or drugs 12 hours before picking up the minor child for visitation and during the entire time when visitation is occurring."

On or about May 29, 2001, a complaint was received by the Maine Department of Human Services alleging child abuse or neglect with regard to this child and alleging such abuse on the part of her natural parents, including the petitioner. An investigation took place and reports were rendered. The conclusion of the investigation indicated substantiated neglect and abuse by the petitioner but a capacity in the natural mother to protect the child and specific safety factors implemented by the mother in this regard. As a result, no further action was taken by the Department in accordance with its authority under 22 M.R.S.A. § 4004 *et seq.* However, the Department of Human Services did notify the petitioner by its letter of October 15, 2001, that "The Department has substantiated that you have neglected and posed a threat of neglect to Sheila McEwen." The letter also advised the petitioner of his right to request a review. Subsequent to that letter, the Department advised the natural mother, Ms. Corson, that the Department was closing the safety assessment on her family having substantiated that the petitioner neglected and posed a threat of neglect based on inadequate supervision and violation of the court judgment due to ongoing substance abuse prior to or during visitation. The Department advised Ms. Corson that they had documented that she had developed and implemented an appropriate plan to protect the plan.

2

Under letter of December 7, 2001, counsel for the petitioner, alleging that he did not receive the Department's October 15, 2001 letter until November 30, 2001, requested a review pursuant to the procedure stated in the notice. By letter dated December 31, 2001, the Director of the Division of Child Welfare of the respondent agency advised the petitioner through his counsel that it had conducted a review in accordance with petitioner's request and that:

> Based upon my review of the record, I am writing to advise you that I am upholding the substantiation. As a result of my review I conclude that there is sufficient information in the case record to support the finding of abuse or neglect that was contained in the letter you received from the caseworker. This decision is based on information from interviews with Mr. Dean McEwen and other family members. This decision completes the review process.

December 31, 2001, was a Monday. Assuming that it was mailed in the ordinary course and taking into consideration that January 1, 2002, was a holiday, the court assumes that counsel for the petitioner received the notification on or before Friday, January 4. Petitioner's petition is dated January 23, 2002, but was not filed with the court until February 7, 2002. The petitioner has not provided the court any response to the respondent's allegation that this petition is untimely as being beyond the 30-day limitation for review of a final agency action. 5 M.R.S.A. § 11002(3).

It is petitioner's position that the State's substantiation of abuse is unsupported by substantial evidence on the whole record. Petitioner admits that he has the burden of proof and that he must prove that no competent evidence supports the agency decision. He goes on to conclude:

> Based upon all of the above, there is simply no factual basis on which complaint could properly have been substantiated as a risk to his child. It is unconscionable that this blot on his reputation and impediment to his appropriate visitation has been imposed on him by the Department. We

3

respectfully requests that the determination of the Department of Human Services in this instance be reversed.

Neither the petitioner nor the respondent have presented the court with support that the conclusions from the investigation by the Department of Human Services constitute "final agency action."[1] "Under the Maine APA, the Superior Court is granted jurisdiction to hear petitions for review filed by 'any person who is aggrieved by final agency action . . .' 5 M.R.S.A. § 11001(1) . . . The AAP defines 'final agency action' as 'a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency.' 5 M.R.S.A. § 8002(4) . . . Despite the distinctly adjudicative flavor of the above definition 'final agency action' it is not necessarily limited to adjudicative decisions . . . The definition (of 'final agency action') is intended to make all agency decisions affecting one's legal rights, duties and privileges judicially reviewable, not just those made in licensing or adjudicatory proceedings." *Brown v. State Department of Manpower Affairs*, 426 A.2d 880 (Me. 1981).

Furthermore "the broad language of 5 M.R.S.A. § 8002(4) (defining final agency action) and 5 M.R.S.A. § 11001(1) (conferring jurisdiction on the Superior Court to review final agency action) must be read in light of the constitutional doctrine of separation of powers. *See* Me. Const. Art. III. The Legislature may not constitutionally confer in the judiciary a commission to roam at large reviewing any and all final actions of the Executive Branch. *Brown*, 426 A.2d at 884. . . As a matter of sound judicial policy,

---

[1] Counsel for respondent apparently merely presumes that this court has jurisdiction under M.R. Civ. P. 80C and the Administratives Procedures Act. Other than the bald statement that the "substantiation" by the Department of Human Services constitutes final agency action, there is no support for the position. Upon inquiry by the court as to whether or not this constitutes "action" by the Department, neither party could answer the question.

we will not undertake review of administrative decisions which are properly classified as ministerial, or which are not centrally related to the function for which the agency was created." *Northeast Occupational Exchange, Inc. v. Bureau of Rehabilitation,* 473 A.2d 406 (Me. 1984) citing *Brown v. Department of Manpower Affairs,* 426 A.2d 880.

The Department of Human Services made a factual finding that there was neglect or threat of neglect by the petitioner's activities. Because the Department was satisfied that the natural mother was sufficiently in control and had full authority under the amended District Court Judgment to protect the child, it took no action. No amendment to the District Court Judgment has resulted from this Department substantiation. No additional limitations have been placed upon petitioner's relationship with his daughter. No Title 22 M.R.S.A. actions have been taken by the Department of Human Services. No "legal rights, duties or privileges" of the petitioner have been affected in any way nor has he been denied any forum for protection of his due process rights to dispose of legal or factual issues resulting from this "substantiation." Accordingly, there has been no final agency *action* (emphasis supplied). Therefore, this court has no jurisdiction to hear this matter and the petition is dismissed.

For the reason stated above, the entry will be:

Petitioner's "Appeal of Final Action Agency" is DISMISSED.

Dated: December___/ᶜ___, 2002

Donald H. Marden
Justice, Superior Court

5

P

Date Filed __2/7/02__ __Kennebec__ Docket No. __AP02-04__
County

Action __Petition for Review__
80C

# J. MARDEN

Dean Vincent McEwen                    vs.    Department of Human Services

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Schuyler G. Steele, Esq.<br>P.O. Box Drawer F<br>Newport, Maine 04953 | Matthew Pollack, AAG<br>Depart. of Attorney General<br>6 State House Station<br>Augusta ME 04333-0006 |

| Date of Entry | |
|---|---|
| 2/7/02 | Appeal of Final Agency Action, filed. s/Schuyler, Esq.<br>Original Summons with return service made upon Department of Human Services on 1/25/02. |
| 2/11/02 | Entry of Appearance of Matthew Pollack, AAG on behalf of State of Maine, Department of Human Services, filed. s/M. Pollack, AAG. |
| 3/11/02 | Maine Department of Suman Services' Motion to Allow Redacted Record and to Impound Record, with Incorporated Memorandum of Law, filed. s/Pollack, AAG<br>Proposed Order Allowing Filing of Redacted Record and Impounding Record, filed. |
| 4/24/02 | ORDER ALLOWING FILING OF REDACTED RECORD AND IMPOUNDING RECORD, Marden, J. (dated 4/11/02)<br>Copies mailed to attys of record.<br>Notice of briefing schedule mailed to attys of record. |
| 6/3/02 | Plaintiff's Brief, filed. s/S. Steele, Esq. |
| 7/2/02 | Brief of Appllellee Maine Department of Human Services, filed. s/Pollack, AAG |
| 11/14/02 | Copy of Plaintiff's Brief, filed. (filed 11/8/02). (Original Brief was filed on 6/3/02) |
| 11/27/02 | Hearing had on Appeal, Hon. Donald Marden, Presiding.<br>Schuyler Steele and Matthew Pollack present oral arguments. Defendant made motion to dismiss. Court takes matter under advisment. |
| 12/16/02 | DECISION AND ORDER, MARDEN, J. (12/16/02)<br>Petitioner's Appeal of Final Agency Action is DISMISSED.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |